UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM LAWRENCE SCOTT, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 15-CV-3268 |
| ) | |
| JUDGE LESLIE GRAVES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The case is before the Court for a merit review of the plaintiff's claims. The Court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff, proceeding pro se and incarcerated in the Taylorville Correctional Center, was granted leave to proceed *in forma pauperis*. The plaintiff has named Judge Leslie Graves, Assistant State's Attorney Brian Shaw, Assistant Public Defender Jay Elmore, and Springfield Police Detective Nancy Ealey as defendants, but plaintiff's complaint only contains factual allegations against his defense counsel, James Elmore. Essentially, the plaintiff claims that Attorney Elmore provided ineffective assistance of counsel. According to the plaintiff, Attorney Elmore refused his telephone calls, was unprepared, and would not meet with him to discuss his case.

The plaintiff's complaint fails to state a claim upon which relief can be granted. The plaintiff's complaint contains no factual allegations against Defendants Shaw and Ealey. The only fact against Judge Graves is that she yelled at him. As for Defendant Elmore, a claim of ineffective assistance of counsel should be brought under a writ of habeas corpus (28 U.S.C. 2254) not under a 1983 suit. *Willis v. Brown*, 2010 WL 3024866,

*3 (E.D. Tenn. July 29, 2010)("Therefore, if plaintiff intends to pursue claims of ineffective assistance, incorrect judicial rulings, and the like, or to mount an attack on the constitutionality of his confinement, he must do so in a § 2254 petition, and not in a § 1983 civil rights lawsuit."). The plaintiff also claims that he did not have adequate access to a law library while in the Sangamon County Jail, but his lack of access to the court claim (to the extent that is what he is claiming) does not state a claim because he was represented by counsel. *United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010) (holding that the Constitution does not require that a plaintiff be provided with legal resources in addition to a court appointed attorney).

IT IS THEREFORE ORDERED:

1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3. The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis MUST set forth the issues the plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

5. The clerk is directed to mail plaintiff the proper forms for filing an action for habeas corpus relief under 28 U.S.C. § 2254,

Entered this 2nd day of November, 2015.

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE